UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| PAL THOAN, | Case No.: 2:09-cv-00073-JCM-GWF |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| VICTORIA PARTNERS d/b/a MONTE CARLO RESORT and CASINO, | |
| Defendant. | |

Currently before the Court is Defendant's Victoria Partners d/b/a Monte Carlo Resort and Casino (hereinafter referred to as "Defendant") Motion for Summary Judgment (#24) filed on February 11, 2010. On March 1, 2010, Plaintiff Pal Thoan (hereinafter referred to as "Plaintiff") filed an Opposition to Defendant's Motion (#26). Defendant filed a timely Reply on March 29, 2010 (#31). The Court heard oral arguments on Defendant's Motion on May 28, 2010.

Summary judgment is only authorized by FED.R.CIV.PRO. 56(c), in those cases in which the moving party has demonstrated the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party." *T.W. Electric Serv., Inc., et al. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1986).

The Court, having considered Defendant's Motion for Summary Judgment (docket #24), Plaintiff's opposition thereto (docket #26) and Defendant's reply (docket #31), and the arguments of counsel at the hearing, hereby makes the following findings and order.[1]

---

[1] By stipulation and order Plaintiff's claims for retaliation, defamation and negligent hiring have been dismissed.

### *Hostile Work Environment Claim*

Plaintiff's First Cause of Action is for a racially-hostile work environment under Title VII. The elements of a hostile work environment are being subjected to unwelcome verbal or physical conduct because of race which was sufficiently severe or pervasive to alter the conditions of employment and create and abusive work environment. *Manatt v. Bank of America,* 339 F.3d 792, 798 (9th Cir. 2003).

Plaintiff claims he was subjected to various racial remarks by Jesus Romero. For purposes of deciding the Motion, the Court must accept plaintiff's evidence as true. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The Court finds there are genuine issues of material fact regarding whether the elements of a hostile work environment exist, including issues regarding the severity and pervasiveness of the comments allegedly made by Romero.

If a hostile work environment exists, Monte Carlo would still not be liable if its management-level employees, after learning of the harassment, took prompt and appropriate remedial action reasonably calculated to end the harassment. *Swinton v. Potomac Corporation,* 270 F.3d 794, 803 (9th Cir. 2001); *Fuller v. City of Oakland,* 47 F.3d 1522, 1528 (9th Cir. 1995) (as amended); *EEOC v. Hacienda Hotel,* 881 F.2d 1504, 1515-16 (9th Cir. 1989). Monte Carlo claims George Johnson took such action following the so-called cart incident. However, the Court finds there are genuine issues of material fact regarding the extent and adequacy of Johnson's response and whether and when it caused the harassment to cease.

### *Negligent Training and Supervision*

The Fourth and Fifth Causes of Action include claims for negligent training and supervision. Monte Carlo claims because Plaintiff was covered by the Culinary Union contract, the negligent training and supervision claims are preempted by the Labor Management Relations Act. Since the entire collective bargaining agreement was not provided to the Court, it cannot evaluate this contention at this time. Monte Carlo also claims the negligent training and supervision claims are not cognizable

when the underlying basis for these claims is a violation of Title VII, citing, *Griffin v. Acacia Life Insurance Company,* 925 A.2d 564, 576-77 (D.C. App. 2007); *Demby v. Preston Trucking Company,* 961 F.Supp. 873, 881-82 (D. Md. 1997). These cases are from other jurisdictions, and the Court declines to accept this reasoning without an indication of how the Ninth Circuit would address this issue. Finally, Monte Carlo claims its policies and training compel the conclusion it was not negligent in training and supervising Johnson, Romero or any other employee. However, the Court finds there are genuine issues of material fact regarding the nature and effectiveness of Monte Carlo's various policies and training.

### *Negligent Infliction of Emotional Distress*

The Sixth Cause of Action is for negligent infliction of emotional distress. Plaintiff makes reference to being hospitalized, but has not set forth specific facts attributing the hospitalization to his work environment at Monte Carlo and cannot otherwise make the requisite showing that he suffered serious emotional distress. *Olivero v. Lowe,* 995 P.2d 1023, 1026 (Nev. 2000).

Based on the above findings,

//
//
//
//

IT IS HEREBY ORDERED, that summary judgment is denied regarding the First Cause of Action for a racially-hostile work environment and the Fourth and Fifth Causes of Action for negligent training and supervision and is granted with respect to the Sixth Cause of Action for negligent infliction of emotional distress.

DATED this __24th__ day of June 2010.

_____
UNITED STATES DISTRICT JUDGE

| Respectfully Submitted, | Approved as to form and content, |
|---|---|
| **NELSON LAW** | **FISHER & PHILLIPS, LLP** |
| /s/ Sharon L. Nelson | /s/ Scott M. Mahoney |
| SHARON L. NELSON | SCOTT M. MAHONEY |
| Nevada Bar No. 6433 | Nevada Bar No. 1099 |
| 401 N. Buffalo Drive, Suite 100 | 3993 Howard Hughes Parkway, Suite 650 |
| Las Vegas, Nevada 89145 | Las Vegas, Nevada 89109 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Pal Thoan | Victoria Partners d/b/a Monte Carlo Resort and Casino |